UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EVAN PETROS, Individually, :
:
       Plaintiff, :
:
v. : Case No. 1:15-cv-875
:
GREYHOUND LINES, INC. :
A Foreign Company :
:
       Defendant. :
_____/ :

## COMPLAINT

Plaintiff Evan Petros, by and through her attorney, Pete M. Monismith, PC., hereby brings this Complaint against Greyhound Lines, Inc. (hereinafter referred to as "Greyhound"), a Foreign Company.

### INTRODUCTION

1. Twenty-five years after the Americans with Disabilities Act ("ADA") was passed and 40 years after the Rehabilitation Act, Greyhound fails to provide equal access to all of its patrons, specifically those disabled individuals confined to a wheelchair.

2. One of the primary purposes of the ADA, the Rehabilitation Act, and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA") is ensuring that individuals who are disabled have equal access to public accommodations.

3. Greyhound has systematically, knowingly, and intentionally discriminated against Plaintiff Evan Petros and other disabled individuals by denying them equal access to public accommodations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

   b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

   c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b), as all of the events giving rise to the claims occurred in the Western District of Michigan.

## PARTIES

6. Plaintiff Evan Petros is a resident of Macomb County, suffers from polio, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

7. Plaintiff Evan Petros is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

8. Plaintiff Evan Petros, on several occasions previous to this incident, has utilized the Greyhound bus system to travel to visit friends and family.

9.      Plaintiff Evan Petros attempted to utilize the Greyhound bus on May 14, 2015 and intends to utilize them again in February 2016.

10.     Greyhound is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

11.     Defendant Greyhound is a recipient of federal financial assistance as that term is used in section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

12.     Defendant owns, leases, leases to, or operates Greyhound and is responsible for complying with the obligations of the ADA, the PDCRA, and Section 504 of the Rehabilitation Act.

### INCIDENT I

13.     On or about April 29, 2015, Plaintiff Evan Petros purchased a round trip ticket from Detroit, Michigan to Benton Harbor, Michigan, with a transfer in Kalamazoo, Michigan.

14.     The trip was scheduled to take place May 14, 2015.

15.     Plaintiff Evan Petros called Defendant on three separate occasions to remind Defendant that she was disabled and would need an accessible bus.

16.     Plaintiff Evan Petros arrived at the bus station promptly and presented her ticket for passage on May 14, 2015.

17.     The bus was due to depart Detroit at 4:00 p.m.

18.     The bus was not accessible and could not be utilized by Plaintiff Evan Petros.

19.     Plaintiff Evan Petros was informed by an employee of Defendant, the driver, that he had telephoned dispatch several times prior to the trip and was not informed that any passenger was disabled.

20.     Plaintiff Evan Petros was forced to wait at the terminal for over two hours until at such time an accessible bus could be sent to transport her.

21. Plaintiff Evan Petros, due to Defendant's failure to provide an accessible bus and the bus arriving several hours late, missed her connection in Kalamazoo, Michigan.

22. Plaintiff Evan Petros was informed by the Defendant's driver that he would transport her directly because there we're no more buses heading to Benton Harbor that evening.

23. Upon arrival in Benton Harbor, Michigan, the weather was rainy.

24. Upon arrival in Benton Harbor, Michigan, Plaintiff Evan Petros was informed that the wheelchair lift was broken.

25. All of the passengers of the bus departed, while Plaintiff Evan Petros was forced to sit in her seat and await assistance.

26. Defendant failed to accommodate her or offer any type of assistance while she sat alone on the bus.

27. After a considerable amount of time waiting to no avail for assistance, Plaintiff Evan Petros was forced to crawl on her stomach down the wet aisle of the bus in order to reach the wheelchair lift door.

28. Plaintiff Evan Petros was then forced to get on the back of her friend, who then carried her to her wheelchair.

29. Plaintiff was embarrassed, humiliated, and dejected because of the discriminatory treatment she received.

## INCIDENT II

30. Plaintiff Evan Petros was due to return to Detroit, Michigan from Benton Harbor, Michigan on May 20, 2015.

31. Upon arrival at Defendant's terminal in Benton Harbor, Plaintiff Evan Petros was informed that she would be charged double the rate of a regular patron because she needed a bus that had a wheelchair lift.

32. After Defendant's demand to charge Plaintiff Evan Petros double the amount that regular able-bodied patrons are charged, Defendant then informed Plaintiff Evan Petros that there was "no guarantee" that the bus would be accessible to individuals in a wheelchair.

33. Plaintiff Evan Petros, feeling discriminated against, rejected, and humiliated, was forced to stay with her friend for four days until at which time her friend was able to drive her back to Michigan.

34. Plaintiff was embarrassed, humiliated, and dejected because of the discriminatory treatment she received.

## COUNT I

## VIOLATION OF THE ADA

35. Plaintiff realigns paragraphs one (1) through thirty-four (34) of this Complaint and incorporates them here as if set forth in full.

36. Plaintiff has utilized the services of Greyhound on several occasions and has plans to utilized their services on a regular basis but for their discriminatory practices and procedures.

37. The Plaintiff, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants'

services, the opportunity to use their services, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

38. Defendant's failure to comply with the ADA constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

39. It would be readily achievable for the Defendant to comply with the ADA, to have accessible transportation, and to train their employees in the proper handling of patrons with disabilities.

40. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq. 360.363.

41. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

42. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this bus service as described. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendant.

43. Plaintiff is aware that it will be a futile gesture to utilize the services provided by Defendant until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

44. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

45. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

46. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

47. Plaintiff realigns paragraphs one (1) through forty-six (46) of this Complaint and incorporates them here as if set forth in full.

48. The Defendant has discriminated against Plaintiff by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by MCL 37.1302.

49. Plaintiff has desired and attempted to enjoy the goods and services at Greyhound as a customer. She has been prevented from doing so due to the existing architectural barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided for in MCL 37.1606.

50. As a result of being denied full access to their goods and services, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## COUNT III

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

51. Plaintiff realigns paragraphs one (1) through fifty (50) of this Complaint and incorporates them here as if set forth in full.

52. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability by recipients of federal financial assistance such as the Defendant. 29 U.S.C. § 794.

53. Greyhound receives and benefits from federal financial assistance as that term is used in 29 U.S.C. § 794.

54. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act of 1973.

55. Greyhound has discriminated against Plaintiff on the basis of disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described above.

56. Plaintiff was qualified to participate in the services, programs, activities, and benefits provided to other patrons at Greyhound within the meaning of the Rehabilitation Act of 1973.

57. Greyhound denied Plaintiff access to programs, benefits, and services provided to other patrons solely on the basis of her disability, thereby violating the Rehabilitation Act of 1973.

58. Despite the clear provisions of the Rehabilitation Act of 1973 and its knowledge of the deficiencies of its policies and practices, Greyhound persisted in imposing conditions and practices that discriminate against Plaintiff and other persons who are disabled.

59.     As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff has suffered damages, including but not limited to pain and suffering, inconvenience, emotional distress, and impairment of quality of life.

60.     Plaintiff has been injured and aggrieved by and will continue to be injured and aggrieved by Greyhound's discrimination.

61.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

62.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the bus as described, but not necessarily limited to, the allegations in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendant.

63.     Plaintiff is aware that it will be a futile gesture to re-visit Greyhound until it becomes compliant with the ADA, unless she is willing to suffer further discrimination.

64.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

65.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make Greyhound readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the

ADA; or by closing all terminals until such time as the Defendant cures its violations of the ADA.

## PRAYER FOR RELIEF

66. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and the State of Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.* and section 504 of the Rehabilitation Act, 29 U.S.C. § 794

        i.    by failing to bring Greyhound into compliance with the Standards where it is readily achievable to do so; and

        ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B.    Order Defendant:

        i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

    ii.  to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

 C. Award damages to Evan Petros who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

 D. Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, MCL 37.1606, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794

 E. Order such other appropriate relief as the interests of justice may require.

         Respectfully Submitted,


         By: /s/ Pete M. Monismith_____
         Pete M. Monismith, Esq.
         3945 Forbes Ave., #175
         Pittsburgh, PA 15213
         Ph: 724-610-1881
         Fax: 412-258-1309
         Pete@monismithlaw.com
         MI Bar P78186